**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADONNA WILLIAMS and PARIS WILLIAMS, | No. C 08-4698 MEJ |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL** |
| vs. | |
| UNITED STATES TENNIES ASSOC., et al., | |
| Defendant(s). | |

The Court is in receipt of Plaintiff's Motion to Appoint Counsel, filed June 2, 2009. (Dkt. #54.) Having considered Plaintiff's request, the Court finds that this case does not warrant the appointment of counsel at this time. Specifically, Plaintiff requests counsel for the limited purpose of opposing the remaining defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). However, under Rule 12(b)(6), a motion should be granted only if it appears beyond a reasonable doubt that the plaintiff "can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to plaintiff. *In re Silicon Graphics, Inc. Sec Litig.*, 183 F.3d 970, 980 n.10. (9th Cir. 1999). Thus, even if Plaintiff feels she is unable to "develop the arguments to adequately respond" to defendants' motions, the Court must conduct a rigorous review of the motions and her Complaint, and dismissal can be granted only if, accepting everything as true, she would not be

entitled to relief.

Further, even if the court dismisses Plaintiff's complaint, it must "grant leave to amend . . . , unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Thus, even if the Court were to grant defendants' motions and dismiss Plaintiff's Complaint, the Court must permit her the opportunity to file an amended complaint, unless it appears that she would not be entitled to relief even if the complaint were amended.

Given these procedural safeguards, the Court finds that appointment of counsel is unnecessary.  However, if her case proceeds past the motion to dismiss stage, Plaintiff may file a renewed motion to appoint counsel, in compliance with Civil Local Rule 7.  For purposes of the pending motions to dismiss, Plaintiff must file any oppositions by June 11, 2009.

**IT IS SO ORDERED.**

Dated: June 3, 2009

MARIA-ELENA JAMES
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LADONNA WILLIAMS et al,

        Plaintiff,

v.

UNITED STATES TENNIS ASSOCIATION et al,

        Defendant.

Case Number: CV08-04698 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

LaDonna Williams
Paris Williams
272 Reynard Lane
Vallejo, CA 94591

Dated: June 3, 2009

                              Richard W. Wieking, Clerk
                              By: Brenda Tolbert, Deputy Clerk

3